IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY | : | CIVIL ACTION |
| v. | : | |
| SHARON BOMPADRE | : | NO. 07-5226 |

O'NEILL, J.                                                                                    September 29, 2008

## **MEMORANDUM**

Nationwide instituted the present action seeking a declaration that it has no obligation to provide underinsured motorist coverage in the amount of $100,000.00 to defendant Sharon Bompadre under a policy of insurance issued to her mother, Gertrude Ippolito, in connection with injuries sustained by Bompadre in a November 9, 2002 motor vehicle accident.

At the time of the accident Bompadre was operating a vehicle owned by Ippolito and insured by Nationwide. Nationwide's policy provided no coverage for underinsured motorist benefits because Ippolito had signed an underinsured motorist rejection form as well as a rejection form relating to uninsured motorist coverage. The forms were separate from each other, admittedly were signed by Ippolito and the language of the forms complied with the requirements of §1731 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §1731.

Jurisdiction is based on diversity of citizenship.

Before me are the parties' cross motions for summary judgment. Because parties agree that the material facts are not in dispute, it is not necessary to discuss the rules governing the granting or denial of the motions.

Defendant Bompadre does not deny that the named insured, Ippolito, was presented with

a underinsured motorist coverage rejection form and a uninsured motorist coverage rejection form on separate sheets of paper for her review and signature, that Ippolito signed and dated both forms and that the language of the forms complied with the requirements of §1731.  Defendant also does not deny that after Ippolito signed the separate forms the agent, Brian McKendry, photocopied the separate forms onto a single sheet of paper for transmission to Nationwide because the separate forms were of such a size that they could not be transmitted by the fax machine.

      Section 1731 requires the insurer to "print the rejection forms... on separate sheets"  and that "[i]f  the insurer fails to produce a valid rejection form" the insured will receive coverage equal to the bodily injury liability limits of the policy at issue.

      Defendant asserts that Nationwide has failed to produce a valid rejection form because the two forms, underinsured and uninsured, although separate when signed were copied onto the same piece of paper for transmission.[1]  None of the cases cited by defendant support this assertion.  In my view, defendant is attempting to elevate form over substance and achieve an unjust result:  underinsured motorist coverage of $100,000.00, although the insured waived that coverage, her waiver complied with the requirements of the statute and she did not pay a premium for it.

      I will grant plaintiff's motion and deny defendant's motion.

---

[1] Nationwide was unable to locate the original rejection forms; defendant does not assert that producing a copy was a violation of the statute.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONWIDE MUTUAL INSURANCE : CIVIL ACTION
COMPANY

    v. :

SHARON BOMPADRE : NO. 07-5226

O R D E R

AND NOW, this 29th day of September, 2008, upon consideration of the cross motions for summary judgment of plaintiff, Nationwide Mutual Insurance Company, and defendant, Sharon Bompadre, it is hereby

ORDERED that defendant may not maintain a claim for underinsured motorist coverage under the policy of insurance issued by Nationwide in connection with injuries sustained by defendant in the November 9, 2002 motor vehicle accident.  Plaintiff's motion is GRANTED and defendant's motion is DENIED.

Judgment hereby is entered in favor of plaintiff Nationwide Mutual Insurance Company and against defendant Sharon Bompadre.  The clerk is directed to close the case for statistical purposes.

                                       /s/ Thomas N. O'Neill, Jr.
                                       _____
                                       THOMAS N. O'NEILL, JR.        J.